FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 25, 2022
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER MICHAEL LeCLAIRE.                                          PLAINTIFF

v.                     Civil No. 2:22-CV-02131-PKH-MEF

DEPUTY RICHARD DYER,
Crawford County Sheriff's Department;
DEPUTY BRANDON CHANCEY,
Crawford County Sheriff's Department                                   DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Christopher Michael LeClaire, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff is currently incarcerated at the Crawford County Jail pending trial on state court charges and requested to proceed *pro se*. (ECF No. 2). In a separate order, the Court granted Plaintiff's *in forma pauperis* application ("IFP"). (ECF No. 3). This matter is now before the Court for preservice review under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons discussed below, it is recommended that this case be stayed pursuant to the principle of abstention as outlined in *Younger v. Harris*, 401 U.S. 37 (1971).

I.     BACKGROUND

Plaintiff contends that on March 1, 2022, he was pulled over and arrested on Highway 162

and Sunnyside in Kibler, Arkansas, then driven to 141 Arkansas Avenue in Kibler, Arkansas, and charged with several felony criminal offenses. (ECF No. 1). Plaintiff contends that Crawford County Sheriff's Deputy Richard Dyer and Investigator Brandon Chancey took advantage of the fact that he is on parole to do a compliance check on his residence, even though he did not live there nor was it his parole address. *Id.* Plaintiff claims he has been falsely imprisoned and unlawfully charged, which has caused him to suffer mental anguish, anxiety, and PTSD. *Id.* He is suing the defendants in their individual and official capacities and requests compensatory and punitive damages. *Id.*

A review of the publicly accessible Arkansas state records system shows that Plaintiff was arrested on March 1, 2022, and subsequently charged with three felonies in violation of Arkansas state law: (1) second degree forgery; (2) possession of drug paraphernalia; and (3) felon in possession of a firearm. *State v. Christopher LeClaire*, Case No. 17CR-22-205 (Arkansas Court Connect, last accessed August 23, 2022). *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). That criminal case currently remains open, and trial is scheduled for November 1, 2022.

## II.    LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all

reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. *Pro se* complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

### III.     LEGAL ANALYSIS

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Where, as here, the plaintiff is requesting damages in the federal suit, a "stay" is the appropriate mode of abstention. *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("[W]e have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.")).

This case satisfies the *Younger* factors. First, Plaintiff's claim that he has been unlawfully charged with a crime and thus falsely imprisoned is intertwined with his pending state criminal

3

case, Case No. 17CR-22-205. Second, it is clearly established that ongoing state criminal proceedings implicate the important state interest of enforcing state criminal laws. *See, e.g., Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010) (affirming dismissal of § 1983 action based on *Younger* abstention principles where there was an ongoing state criminal case). Finally, to the extent that Plaintiff claims that evidence being used against him in the state criminal proceedings was obtained in violation of his constitutional rights, such claims can be raised in those proceedings. *See generally Clingmon v. State*, 620 S.W.3d 184, 190 (Ark. Ct. App. 2021) (discussing the scope of a parolee's expectation of privacy under the Fourth Amendment). Plaintiff, moreover, does not contend that he cannot raise his claims in the state criminal case, and he has not identified any extraordinary circumstances warranting this Court to interfere with that case. Accordingly, it is recommended that Plaintiff's federal § 1983 action be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) pending the resolution of his state criminal case.[1]

## IV.     CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that this action be STAYED AND ADMINISTRATIVELY TERMINATED pending the resolution of Plaintiff's state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Failure to file the Motion to Reopen within this deadline will result in the summary dismissal of this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

---

[1] Plaintiff is cautioned, however, that should he be convicted of the pending state criminal charges, a claim for relief under 42 U.S.C. § 1983 is generally not cognizable if it implies the invalidity of his conviction or confinement pursuant to the "favorable termination rule" established in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 24th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE