IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER MICHAEL LeCLAIRE                                                    PLAINTIFF

v.                    Civil No. 2:22-cv-02131-PKH-MEF

DEPUTY RICHARD DYER,
Crawford County Sheriff's Department;
DEPUTY BRANDON CHANCEY,
Crawford County Sheriff's Department;
BRIAN TEJADA,
Parole Officer Sebastian County                                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Christopher Michael LeClaire ("LeClaire"), a prisoner, filed the above-captioned civil rights matter pursuant to 42 U.S.C. § 1983. LeClaire proceeds *pro se* and *in forma pauperis* (IFP). (ECF No. 3). The Court initially recommended that this matter be stayed pursuant to the *Younger* abstention principles because the factual predicate of the Complaint—the circumstances surrounding Plaintiff's arrest and subsequent incarceration—was also the subject of ongoing state criminal proceedings. (ECF No. 6). Those criminal proceedings resolved, and Plaintiff requested that the stay be lifted. (ECF No. 8). The Court granted Plaintiff's motion to reopen the case and directed him to file an Amended Complaint. (ECF No. 9).

The case is now before the Court on Separate Defendant Brian Tejada's Motion to Dismiss the Amended Complaint. (ECF No. 17). LeClaire filed a response to the Motion and a Supplement. (ECF Nos. 20 & 21). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred the Motion to Dismiss to the undersigned for the purpose of making a Report and Recommendation. For the reasons outlined below, the undersigned RECOMMENDS that the Motion to Dismiss (ECF No.

1

17) be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

LeClaire contends that when Deputy Richard Dyer ("Deputy Dyer") arrested him on March 1, 2022, Deputy Brandon Chancey ("Deputy Chancey") directed Deputy Dyer to transport him to an address, 141 Arkansas Avenue, rather than the jail. (ECF No. 10). LeClaire further alleges that he did not reside at the 141 Arkansas Avenue address, but that Deputy Chancey reported to his parole officer, the Separate Defendant Brian Tejada ("Tejada"), that LeClaire did reside at that address - so that Deputy Chancey could use LeClaire's parole status as a basis to search the property. *Id.* Specifically, LeClaire states that Tejada gave law enforcement permission to search the address, knowing it was not LeClaire's parole address, because "Deputy Brandon Chancey called [Tejada] and told him that [LeClaire] said [he] moved to 141 Arkansas Ave." *Id*. at 8. LeClaire alleges he was subsequently charged with several felony offenses in state court. He requests money damages and an order reprimanding the Defendants for their conduct. *Id*. at 9.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Parole Officer Tejada contends (1) that sovereign immunity bars Plaintiff's official capacity claim against him, (2) that the individual capacity claim should be dismissed for failure to state a claim as a matter of law, and (3) that he is entitled to qualified immunity. (ECF No. 17).

#### A. Official Capacity Claim

Turning first to Plaintiff's official capacity claims, the Court agrees with Officer Tejada. "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). In this case, Tejada, as a parole officer, is an agent of the State of Arkansas. However, "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983" when sued for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, state officials may only be sued in their official capacities for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 157-60 (1908); *Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255 (8th Cir. 1995) ("Ex parte Young recognized that suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law."). Here, LeClaire requests money damages for relief. Because money damages are not available against Tejada in his official capacity as an Arkansas parole officer, LeClaire's official capacity claim against Tejada fails as a matter of law.

3

### B. Individual Capacity Claim

LeClaire also sues Tejada in his individual capacity. With respect to this claim, Tejada asserts that LeClaire has failed to state a claim upon which relief may be granted and that he is entitled to qualified immunity. (ECF No. 17). The undersigned agrees.

Officers are "entitled to qualified immunity under § 1983 unless: (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Lane v. Nading*, 927 F.3d 1018, 1022 (8th Cir. 2019) (quoting *District of Columbia v. Wesby*, __ U.S. __, 138 S. Ct. 577, 589 (2018) (internal quotations omitted)). "Clearly established" means that, "at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand what he is doing' is unlawful." *Wesby*, 138 S. Ct. at 589 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *Id.* at 590. "If either prong is not satisfied, the defendant is entitled to qualified immunity." *LeMay v. Mays*, 18 F.3d 283, 287 (8th Cir. 2021).

Here, Tejada argues that LeClaire had no constitutional right to be free from the search of 141 Arkansas Ave on March 1, 2022, because, as a parolee, the suspicionless search of his residence was permitted under Ark. Code Ann. § 16-93-106. (ECF No. 18). Tejada further argues that LeClaire admitted to Deputy Chancey that he resided at that address, and Tejada's pre-search conversation with Deputy Chancey did not implicate Plaintiff's constitutional rights. *Id.*

The Court first addresses whether LeClaire has established that Tejada violated his constitutional rights. He has not. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend IV. The Fourth Amendment rights of a parolee, such

as LeClaire, however, are significantly curtailed. To assert a violation of the Fourth Amendment, one must have a legitimate expectation of privacy. *United States v. Green*, 275 F.3d 694, 698 (8th Cir. 2001). But because "parole is an established variation on imprisonment of convicted criminals," *Samson v. California*, 547 U.S. 843, 850 (2006), parolees "have severely diminished expectations of privacy." *Id.* at 852. Where "a parolee is released on the condition that he must submit to suspicionless searches by a parole officer or other peace officer at any time and is unambiguously made aware of that condition, he lacks an expectation of privacy that society would recognize as legitimate." *Lane*, 927 F.3d at 1024 (quoting *Samson*, 547 U.S. at 852) (cleaned up).

Here, as a condition of parole, LeClaire was required to submit to a suspicionless search of his residence in accordance with Ark. Code Ann. § 16-93-106(a), which provides that:

> (a)(1) A person who is placed on supervised probation or is released on parole under this chapter is required to agree to a waiver as a condition of his or her supervised probation or parole that allows any certified law enforcement officer or Division of Community Correction officer to conduct a warrantless search of his or her person, place of residence, or motor vehicle at any time, day or night, whenever requested by the certified law enforcement officer or division officer.
>
> (2) A warrantless search that is based on a waiver required by this section shall be conducted in a reasonable manner but does not need to be based on an articulable suspicion that the person is committing or has committed a criminal offence.

Ark. Code Ann. § 16-93-106(a)(1)-(2).[1]

In *Clingmon v. State*, 620 S.W.3d 184, 190 (Ark. Ct. App. 2021), the Arkansas Court of Appeals found that "the statutory language [of Ark. Code Ann. § 16-93-106(a)] is clear [in that] reasonable suspicion [to search a parolee's residence] is *not* required." In so finding, the Court of Appeals concluded that the court was faced with the same question presented to the Supreme

---

[1] In considering a motion to dismiss, courts are permitted to take judicial notice of public records. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

Court in *Samson*, 547 U.S. 843 (2006): "whether a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." *Id.* Recognizing that the Supreme Court answered this question in the affirmative in *Samson*, the Arkansas Court of Appeals, relying on that holding, concluded that Ark. Code Ann. § 16-93-106(a) did not violate the Arkansas and United States Constitutions. *Id.* Thus, pursuant to *Clingmon* and *Samson*, a suspicionless search of LeClaire's residence does not violate his constitutional rights.

This conclusion does not end the analysis because, as LeClaire claims, 141 Arkansas Ave was not his residence.[2] In *United States v. Thabit*, 56 F.4th 1145 (8th Cir. 2023), the United States Court of Appeals for the Eighth Circuit explained that "[a]n officer must have probable cause to believe a dwelling is the residence of a parolee in order to initiate a warrantless search of a residence not known to be the home of a parolee." *Id.* at 1151. In this context, "probable cause [] require[s] a person of reasonable caution to believe the parolee resided at a certain location prior to a search." *Id.* "Determining whether probable cause exists at the time of the search is a 'commonsense, practical question' to be judged from the 'totality-of-the-circumstances.'" *United States v. Donnelly*, 475 F.3d 946, 955 (8th Cir. 2007) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

In this case, however, LeClaire does not allege that Tejada was present at or participated

---

[2] The Court is not persuaded by Tejada's assertion that LeClaire admitted to residing at 141 Arkansas Ave. (ECF No. 18 at p. 7). When considering a motion to dismiss, the Court must construe the facts in the light most favorable to the non-moving party. *See Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715 (8th Cir. 2011). In doing so here, the Court understands LeClaire as alleging that Deputy Chancey reported to Tejada that LeClaire had said that he resided at that address when, in truth, he had not. (ECF No. 10).

6

in the search. Further, by its express terms, Tejada's permission to search the dwelling was not required under Ark. Code Ann. § 16-93-106. Indeed, the language of Ark. Code Ann. § 16-93-106(a) expressly allows "*any* certified law enforcement officer or Division of Community Correction officer" to conduct a warrantless search of . . . [the parolee's] residence." *Id.* In light of *Thabit*, the relevant question, then, is whether *Deputy Chancey* had probable cause to believe that LeClaire resided at 141 Arkansas Avenue at the time of the search.[3] And this is a question not presently before the Court. To the extent that Deputy Chancey misrepresented to Tejada that Plaintiff had said that he resided at this address, this misrepresentation does not impute liability on Tejada because there are no allegations that Tejada himself made any intentional or reckless misrepresentations, or that Deputy Chancey subsequently relied on Tejada's misrepresentations to establish probable cause to believe that Plaintiff resided at that address. *Cf. Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1411-12 (8th Cir. 1994) (allegation that officer lied in an affidavit that served as a basis for an arrest warrant is actionable under § 1983). Accordingly, because LeClaire has failed to establish that Tejada violated his constitutional rights, Tejada is entitled to qualified immunity.

C.     **Section 1915(g)**

Defendant Tejada asks that the Court issue a "strike" against LeClaire pursuant to 28 U.S.C. § 1915(g). Tejada's request should be DENIED.

---

[3] The search at issue here predates *United States v. Thabit*, 56 F.4th 1145 (8th Cir. 2023). But the level of suspicion required to believe that a dwelling is the residence of a parolee, in order to justify a suspicionless search of that residence, is not dispositive here. Rather, the question for the Court is whether Tejada—who was not present for the search, did not participate in the search, and did not make any reckless or intentional misrepresentations about Plaintiff's residence— violated Plaintiff's constitutional rights. For the reasons outlined *supra*, the Court answers this question in the negative.

7

First, dismissals based on immunity—such as this one—are not among the types of dismissals listed as strikes in § 1915(g). *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014). Second, even if the claims against Tejada were dismissed for failure to state a claim, the dismissal would not constitute a strike within the meaning of 28 U.S.C. § 1915(g) because § 1915(g) applies to the dismissal of "an *action* or appeal . . . on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . .." (Emphasis added). The dismissal of the claims against Tejada does not result in the dismissal of this action.

## IV. CONCLUSION

For the reasons stated, it is recommended that Parole Officer Tejada's Motion to Dismiss (ECF No. 17) be **GRANTED IN PART and DENIED IN PART**. Specifically, all claims against Parole Officer Tejada should be **DISMISSED**. Parole Officer Tejada's request to impose a strike against LeClaire pursuant to 28 U.S.C. § 1915(g) should be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE